UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AMIN A., | Case No. 26-CV-0251 (PJS/ECW) |
| Petitioner, | |
| v. | ORDER |
| DONALD J. TRUMP, President of the United States; KRISTI NOEM, Secretary of the United States Department of Homeland Security; TODD M. LYONS, Acting Director of the United States Immigration and Customs Enforcement; PAMELA BONDI, Attorney General of the United States; DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement, in their official capacities, | |
| Respondents. | |

Abdinasir M. Abdulahi, AMA LAW OFFICE LLC, for petitioner.

Ana H. Voss, UNITED STATES ATTORNEY'S OFFICE, for respondents.

This matter is before the Court on petitioner Amin A.'s petition for a writ of habeas corpus.[1]  Amin, a citizen of either Ethiopia or Somalia,[2] was lawfully admitted to

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initials.

[2] Although the verified petition consistently states that Amin is a native and citizen of Somalia, *e.g.*, V. Pet. ¶ 49, the detainee locator that identifies Amin by his alien registration number, *see* ECF No. 9-1, records Amin's country of birth as Ethiopia.

(continued...)

the United States as a refugee on May 30, 2024.  V. Pet. ¶ 49.  According to the petition, Amin applied for adjustment of status in 2025 and attended a biometrics appointment related to his application but has not received an interview or final decision.  *Id.*  Amin was detained by Immigration and Customs Enforcement ("ICE") on January 13, 2026.  *Id.*  Following his detention, Amin filed this habeas action.[3]

Respondents take the position that Amin is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he failed to adjust his status from refugee to lawful permanent resident one year after entry as required by 8 U.S.C. § 1159(a).  According to § 1159(a):

> Any alien who has been admitted to the United States under [8 U.S.C.] § 1157 [as was Amin] . . . who has been physically present in the United States for at least one year, and . . . who has not acquired permanent resident status, shall, at the end of such year period, return or be returned to the custody of the Department of Homeland Security *for inspection and examination* for admission to the United States as an immigrant in accordance with the provisions of sections 1225, 1229a, and 1231 of this title.

---

[2](...continued)
Whatever Amin's home country, it is undisputed that Amin was admitted to the United States as a refugee, *see* ECF No. 5 at 1–2, and the Court's analysis is unaffected by the discrepancy.

[3]The Court has been notified that Amin has not been returned to Minnesota, *see* ECF No. 9, in violation of the Court's prior order, *see* ECF No. 4.  The Court therefore orders respondents to return Amin to Minnesota immediately.  If respondents fail to do so, the Court will order Lyons to personally appear and show cause why he should not be held in contempt.

8 U.S.C. § 1159(a) (emphasis added); *see also* 8 C.F.R. § 209.1 (describing the requirement); 8 C.F.R. § 207.9 (noting that if the government intends to terminate an alien's refugee status, the alien must be provided notice and 30 days to respond).

The government asserts that Amin's failure to adjust his status is grounds for mandatory detention under § 1225(b)(2).[4]  If an alien in Amin's position fails to adjust his status after one year of physical presence, then he may be arrested and *briefly* detained.  ICE requires its agents to either release an unadjusted refugee from custody or bring charges of removability "no later than 48 hours after the arrest."  *See* U.S. Immigr. & Customs Enf't, Policy Mem., *Detention of Refugees Admitted Under INA § 207 Who Have Failed to Adjust to Lawful Permanent Resident Status*, PM-11039.1, at 2 (May 10, 2010) ("ICE Mem.").  As ICE itself has instructed its agents, § 1159(a) authorizes a return to government custody only "for inspection and examination."  According to ICE, "[f]ailure by [refugees] to apply for adjustment of status . . . is not a sufficient ground to place them in removal proceedings, and therefore *not a proper basis for detaining them*." ICE Mem. at 2 (emphasis added); *see also United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954) (requiring administrative agencies to act consistently with internal policy).

---

[4] It is undisputed that Amin is not subject to a final removal order, and thus cannot be detained under 8 U.S.C. § 1231.  It is also undisputed that Amin has not been placed in removal proceedings under 8 U.S.C. § 1229(a).

Amin has been in custody without inspection or examination for over 48 hours. The government has not addressed its obligation to conduct an inspection or examination. Thus, the Court agrees with Judge Jerry Blackwell that, without any further showing from the government, Amin's "continued detention ceases to serve the only purpose for which § 1159 permits custody"—inspection and examination. *See E.E. v. Bondi*, 26-CV-0314 (JWB/DTS), ECF No. 7 at 8 (D. Minn. Jan. 17, 2026), *vacated as moot*, ECF No. 12 (D. Minn. Jan. 22, 2026) (granting a consent motion to vacate the court's prior order as moot because petitioner was released from custody before the order was issued).

The Court will therefore grant Amin's petition in part, requiring the government to either "inspect and examine" Amin as allowed by the statute or release Amin from custody.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED IN PART:

    a. Respondents are ORDERED to:

        i. Immediately RETURN petitioner to Minnesota and either:

        (1)    Complete inspection and examination of petitioner as required by 8 U.S.C. § 1159(a) within 7 days of this Order, keeping petitioner in Minnesota until such inspection and examination is complete and allowing petitioner access to counsel during such inspection and examination; or

        (2)    Release petitioner from custody.

2.    The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 26, 2026

/s/ Patrick J. Schiltz  
Patrick J. Schiltz, Chief Judge  
United States District Court